1  LAW OFFICES OF BARAK BERLIN
   BARAK BERLIN (CASB No. 216115)
2  41530 Enterprise Circle South, Ste 209
   Temecula, CA 92590
3  Telephone: 951-296-6188
   Facsimile: 951-296-6187
4  Email: Barak@BerlinLawGroup.com

5  LAW OFFICES OF CRAIG B. FRIEDBERG, ESQ
   CRAIG FRIEDBERG (CASB No. 127303)
6  4760 South Pecos Road, Ste 103
   Las Vegas, NV 89121
7  Telephone: (702) 435-7968
   Facsimile: (702) 946-0887
8  Email: attcbf@cox.net

9  Attorneys for Plaintiff

10

11                    UNITED STATES DISTRICT COURT

12                   CENTRAL DISTRICT OF CALIFORNIA

13

14  JAMES ALLEE,                    )   CASE NO.
                                    )
15              Plaintiff,          )
                                    )   COMPLAINT FOR VIOLATIONS OF
16        vs.                       )   THE FEDERAL FAIR DEBT
                                    )   COLLECTION PRACTICES ACT;
17  PERSOLVE, LLC d/b/a ACCOUNT     )   CALIFORNIA ROSENTHAL FAIR
    RESOLUTION ASSOCIATES, and      )   DEBT COLLECTION PRACTICES
18  DOES 1 through 50, inclusive,   )   ACT
                                    )
19              Defendants.         )
                                    )   JURY TRIAL DEMANDED
20  _____ )

21

22       Plaintiff,   JAMES  ALLEE (hereinafter "Plaintiff"), based on information

23  and belief and investigation of counsel, except for those allegations  which  pertain

24  to  the  named  Plaintiff  or  his  attorneys  (which  are  alleged  on  personal

25  knowledge), hereby makes the following allegations:

26

27

28

# I.  PRELIMINARY STATEMENT

1.    James Allee ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Persolve, LLC d/b/a Account Resolution Associates ("Defendant" or "Persolve") and DOES 1 through 50, inclusive with regards to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.    Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

4.    Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7.    At all times relevant, Defendants conducted business within the State of California. Because Defendants do business within the State of California, personal jurisdiction is established.

8.    Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9.    Plaintiff is a natural person who resides in the City of Temecula, State of California.

10. Defendant Persolve is located in the City of Chatsworth, in the State of California.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Defendant Persolve LLC dba Account Resolution Association is a Delaware Limited Liability Company that uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant Persolve, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. On or about and prior to July 8, 2009, Plaintiff is alleged to have incurred certain financial obligations for a Kinecta Federal Credit Union ("Kinecta") credit card.

17.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18.     These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19.     Prior to July 8, 2009, Plaintiff made partial payments on the outstanding balance account.

20.     Due to various reasons stemming from the Great Recession, Plaintiff was unable to continue making payments on the credit card.

21.     Under Federal Banking Regulations, a credit card must be charged off when it is 180 days overdue (it may be charged off earlier).  Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

22.     Chargeoff means that the credit card receivable is no longer carried on a bank's books as an asset.

23.     On or about December 6, 2009, Kinecta charged off the debt in the amount of $1,763.87.

24.     On information and belief, the last statement Kinecta sent to Plaintiff was on or before December 6, 2009.

25.     Subsequently, on or about January 30, 2012, the alleged debt in the amount of $1,632.72 was assigned, placed, or otherwise transferred, to Kling Portfolio Acquisitions LLC.

26.     One week later, on or about February 6, 2012, the alleged debt was assigned, placed, or otherwise transferred to Persolve, LLC dba Account Resolution Associates for purposes of collection and if necessary, litigation.

27.   Persolve, through in-house counsel, sued James Allee for the alleged credit card debt in the courts of the State of California (specifically Riverside County Court, Case number TEC1302013).

28.   On May 23, 2013, James Allee was served with a copy of the summons and complaint. (attached hereto as Exhibit 1)

29.   Persolve claimed that the amount charged off was $1,632.72.

30.   Persolve demanded interest of 18% as of December 6, 2009.

31.   The Complaint was a "debt collection" as Cal. Civ. Code 1788.2 (b) defines that phrase.

32.   The Complaint was a communication as defined by 15 U.S.C. 1692a(2).

33.   Most of the debts which defendant seeks to collect are credit cards originally issued by banks.

34.   As a standard practice, and for a variety of sound business reasons, most banks waive interest on credit card debts after chargeoff for as long as the debts are held by the banks.

35.   Among other reasons for this practice, banks are now required to send periodic statements on all accounts, including defaulted accounts, for any period during which interest or fees are added to the account.  Regulation Z, 12 C.F.R. §226.5(b)(2)(i) ("A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, [or] if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account . . .").

36.   Persolve only took what the assignor could give. If the assignor waived the right to add interest post-charge-off, Persolve acquired the debt (if at all) subject to that waiver.

37.     Persolve often purchases, or claims to purchase, credit card debts from banks months, or years, after the bank has charged off the debts.

38.     It is the policy and practice of Persolve to add interest to debts for the period prior to the date on which Persolve claims to have purchased the debt, if the prior owner of the debt did not add interest during that period.

39.     On information and belief, Kinecta did not charge interest after the chargeoff.

40.     Persolve uses a Complaint similar to Exhibit 1 in all lawsuits it files in California.

41.     The filing and service of such documents are representations that Persolve has the right to add interest for the period between chargeoff and purchase.

42.     On information and belief, the "standardized collection methodology" employed by Persolve includes a standardized procedure for filling out Exhibit 1 with respect to the dates, amounts of interest, and rates of interest.

43.     On or about April 3, 2014, Defendant Persolve mailed a Declaration of Billy R. Finley in Lieu of Live Testimony Pursuant to CCP §98 to Plaintiff's Counsel.  Attached to the Declaration were copies of statements sent by Kinecta to Plaintiff.  All of the statements stated the interest rate (Nominal APR and Effective APR) as 13.95%.

44.     The Declaration states

"Interest on the initial principal of $1,632.72 at the rate of 18% per annum from the charge off date of December 6, 2009 . . .".

**FACTUAL ALLEGATIONS – VOICE MESSAGES**

45.     On or about June 11, 2013 Plaintiff received a telephone call from Defendant Persolve's representative Dave Gill.   This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

46.     During this call, Defendant's representative, Dave Gill, left James Allee a message stating:

> "This call is for James Allee.  Please call me back right away.  My name is Dave Gill.   My phone number here is area code 866-438-1259 Extension 3125.  That's my toll-free number, um excuse me that's my um yeah that is my toll free number and my main number is 818-534-3125.  James I need you to give me a call back as soon as possible.  I already left a message for you on the other line also but the importance is regarding I gave you three choices, three ways to settle and you, I need you to get back to me if you can't do any of those three.  Call me back and we'll try to figure out a 4th one.  But don't just you know turn your back to it 'cause it's just going to be more expensive.  Thank you.  Again my phone number is 866-438-1259, my extension is 3125 Thank you, bye."

47.     On or about June 11, 2013 Plaintiff received a telephone call from Defendant Persolve's representative Dave Gill.   This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

48.     During this call, Defendant's representative, Dave Gill, left James Allee a message stating:

> "Uh, yes this is for James Allee A-L-L-E-E or All-Ee Please call me back right away my name is Dave Gill.  My phone number here 866-438-1259.  And my extension is 3125.  That's my toll free number which means it won't cost anything to call me and it's extremely important you call me right back that's why I left a message and it's regarding that notification that went out to you on May 23rd and you think back and you know what that is.  Call me back and let's get this thing worked out.  Please it's very important.  Thank you."

49.     The messages failed to disclose that the communication was from a debt collector as required by 15 U.S.C. 1692e(11) and Cal. Civ Code §1788.11(b). The messages also had the likelihood of being heard and may have actually been heard by Plaintiff's son, daughter, and daughter's friend in violation of 15 U.S.C. § 1692b and 1788.12(b).

50.     The messages failed to disclose that the communication was from a debt collector as required by 15U.S.C. 1692e(11) and Cal. Civ Code §1788.17.

# CAUSES OF ACTION

## COUNT I FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692  ET SEQ.

51.    Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52.    Persolve violated 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1), by

       a)      adding interest to the chargeoff amount of the alleged debt, that had not been added by Kinecta at the time,

       b)      claiming that the interest rate was 18% rather than 13.95%, and

       c)      leaving a voice message regarding the debt which could be heard by Plaintiff's son, daughter, and daughter's friend.

53.    15 U.S.C. §1692d provides that

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -- (2) not state that such consumer owes any debt;

54.    15 U.S.C. §1692e provides that

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....

(2) The false representation of –

(A) the character, amount, or legal status of any debt....

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

55.    15 U.S.C. §1692f provides that

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....

       (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount

-8-

is expressly authorized by the agreement creating the debt or permitted by law....

56.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## COUNT II ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## (ROSENTHAL ACT)
## CAL.CIV.CODE §§ 1788-1788.32

57.     Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

58.     The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the CA FDCPA, including but not limited to the following actions taken against Plaintiff:

a)      Defendant violated California Civil Code §1788.13(e) by the false representation that the consumer debt may be increased by the addition of interest from the chargeoff date when, in fact, such charges may not legally be added to the existing obligation;

b)      Defendant violated California Civil Code §1788.13(e) by the false representation that the consumer debt may be increased by the addition of 18% interest when in fact the interest rate was only 13.95%.

c)      Defendant violated California Civil Code §1788.12(b) by leaving a voice message regarding the debt which could be heard by Plaintiff's son, daughter, and daughter's friend; and

d)      Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

59.     As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

• Assume jurisdiction in this proceeding;

• An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

• An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

• An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1788.30(c);

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

**DEMAND FOR JURY TRIAL**

2          PLEASE TAKE NOTICE that Plaintiff, JAMES ALLEE, hereby demands a

3    trial by jury of all triable issues of fact in the above-captioned case.

4

5    DATED:  May 22, 2014                      Respectfully submitted,

6                                             **LAW OFFICES OF BARAK BERLIN**

7

8

9                                             /s/ Barak J. Berlin
                                             BARAK J. BERLIN
10

11                                            **LAW OFFICES OF CRAIG FRIEDBERG**

12

13                                            /s/ Craig Friedberg
                                             CRAIG FRIEDBERG
14

15                                            Attorneys for Plaintiff JAMES ALLEE

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT